PEOPLE ex rel. BALDWIN v. YORK et al.

(Supreme Court, Appellate Division, Second Department.   November 21, 1899.)

MUNICIPAL CORPORATIONS—OFFICERS—APPOINTMENT OF POLICEMEN—RANK.

Under Greater New York Charter (Laws 1897, c. 378) § 280, by which members of the police force of the villages in the county of Richmond were constituted members of the police force of the consolidated city; and section 281 of such charter, authorizing the police board to exercise the same control over the members of the police force transferred thereto as over the members appointed by said board, and to fix the rank of said transferred members, and providing that "until by said board otherwise provided the rank of the transferred members shall be the same as they were in the police force to which they belonged before this act took effect,"—a captain of the police force of a village in said county, who has been recognized as a member of the police force of the consolidated city and assigned to the rank of patrolman, is not entitled to be assigned to the rank of captain.

Appeal from special term, Queens county.

Application for mandamus by the people, on the relation of Thomas S. Baldwin, against Bernard J. York and others, as police commissioners of the city of New York. From an order denying relator's application, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. H. Van Vechten, for appellant.

William J. Carr, for respondents.

HATCH, J.   The relator was a captain of the police force of the village of Richmond Hill at the time of the consolidation of that locality into the Greater City of New York. After such consolidation took effect, the relator was not assigned to duty upon the police force of the consolidated city, and thereupon made application for and obtained an order directing the commissioners of police of the consolidated city to assign him to duty upon such force. The commissioners complied with such order, and appointed relator a patrolman. He entered upon his duties as such, and has since remained in service as a patrolman thereon. By this application the relator seeks to amend the former order by requiring the commissioners of police to assign him to duty as a captain of police upon such force, that being the grade which he claimed to have held prior to consolidation; and he now claims that, under the provisions of the Greater New York charter, it became the duty of the police commissioners to grade and appoint him in the rank of captain. Whether the relator should be held to have waived any right which he possessed by reason of his former application and the order entered thereunder, or that by reason of his acceptance of service as patrolman he is estopped from questioning the right and power of the commissioners so to appoint him, is a matter which is presently unimportant.

The relator fails to make a case showing that he is entitled, under any provision of law, to be assigned to duty, with the grade of captain, upon the police force of the Greater City of New York.

By virtue of section 280, Greater New York Charter (Laws 1897, c. 378), the captain, and each sergeant, roundsman, and patrolman, of the police force of the county of Richmond, or of the towns and villages thereof, were constituted members of the police force, as specified in section 276 of such charter. These sections and others effected the transfer of the relator and others to positions in the police force of the Greater City of New York, and, if this were the only authority, it is quite possible that they would be permanently transferred into the respective grades in which they were found; but by section 281 authority is vested in the board of police to have and exercise control and authority over the members of the police force transferred thereto as over members of the force appointed thereto by said board, "and especially, except as otherwise provided by this chapter, to fix and assign the rank, title, duties, powers, and place of service of said transferred members. Until by said board otherwise provided, the rank, title, duties, powers and place of service of said transferred members shall be the same as they were in the police force to which they belonged before this act took effect." It is evident, from these provisions, that it was within the contemplation of the framers of the charter that a condition would exist where the board of police commissioners might not be able to assign the police force transferred in exact conformity with the grade which it held at the time when the consolidation took effect, and it was the evident purpose of the section to vest the power and authority of designating persons for a particular branch of such service, as the necessities of the situation and the persons for whom provision was to be made required, and to this end they were given power to fix and assign the rank and place of service of the transferred members. The last clause of the section places no limitation upon such power and authority. It simply provides that, during the time intermediate the transference and the assigning to rank and service of the persons transferred, they should continue to hold the same rank and grade as they had held in the locality where they were found. It is therefore evident that section 281 is to be considered as qualifying section 280, and, as so qualified, there was no provision of law which commanded the board of police commissioners to assign the relator to the rank of captain in the police force of the consolidated city. On the contrary, they were vested with authority to thereafter fix his rank, and assign him to the performance of duty in the rank thus fixed. This the papers show has been done under the former order, and the relator, therefore, has no grievance or cause of complaint. Nothing which appears in People v. York, 35 App. Div. 300, 55 N. Y. Supp. 10, conflicts with this view. The court was there speaking of a statute different in terms from the provisions of the present charter, and from which a different construction might be given. If it were otherwise, the language there used could not be held as controlling of the condition with which we are presently confronted. It follows that the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.